IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED
2007 JUL 10 PM 3: 18
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA

OLIVER HILSENRATH, et al.,

    Plaintiffs,

v.

NIXON PEABODY LLP, et al.,

    Defendants.

NO. C07-3193 TEH

ORDER TO SHOW CAUSE
RE: JURISDICTION



On June 18, 2007, Plaintiffs Hana Hilsenrath and Oliver Hilsenrath submitted a petition pursuant to Cal. Civ. Code § 1714.10 (2001) for an order allowing them to file a complaint against Nixon Peabody LLP, a law firm located in San Francisco, and two of its partners, Glenn Westreich and Beth Mitchell. In addition to the petition, Plaintiffs also submitted a copy of their complaint.

Upon review of the complaint, however, it appears that the Court does not have subject matter jurisdiction over this case. There are two basic statutory grants of federal court subject matter jurisdiction. First, 28 U.S.C. § 1331 provides, "The District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Second, 28 U.S.C. § 1332 provides for jurisdiction if the citizenship of each plaintiff is diverse from each defendant and the amount in controversy exceeds $75,000. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006); Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996). 28 U.S.C. § 1332(c) further states, "A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Here, the Court does not have jurisdiction under 28 U.S.C. § 1331 because both Plaintiffs' malicious prosecution and civil conspiracy claims arise under state tort laws. Nor does the Court appear to have jurisdiction under 28 U.S.C. § 1332 because although the alleged amount in controversy exceeds $75,000, Plaintiffs apparently are not diverse from

Defendants. Rather, both Plaintiffs appear to be citizens of California. Likewise, Defendant Nixon Peabody LLP has its principal place of business in California which, for purposes of 28 U.S.C. § 1332, makes Nixon Peabody LLP also a citizen of California. Defendants Westreich and Mitchell also appear to be citizens of California.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that Hana Hilsenrath and Oliver Hilsenrath shall show cause, by filing a written response within fourteen calendar days of the date of this Order, as to why the Court should not dismiss this case for lack of subject matter jurisdiction. Failure to file a timely response shall result in dismissal of this case. Plaintiffs' petition to file their complaint remains pending, and the Court will address that issue at a later date if it determines that it has jurisdiction over this action.

**IT IS SO ORDERED.**

Dated: 7/9/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HANA HILSENRATH et al,

    Plaintiff,

v.

NIXON PEABODY LLP et al,

    Defendant.

Case Number: CV07-03193 TEH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hana Hilsenrath
822 Eastbrook Court
Danville, CA 94506

Oliver Hilsenrath
822 Eastbrook Court
Danville, CA 94506

Dated: July 10, 2007

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk