**United States District Court**
For the Northern District of California

1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8

9

HANA HILSENRATH and OLIVER
HILSENRATH,

No. C 07-3193 CW

10

            Plaintiffs,

ORDER DISMISSING
CASE FOR LACK OF
SUBJECT MATTER
JURISDICTION

11

        v.

12

NIXON PEABODY LLP, GLENN WESTREICH
and BETH MITCHELL,

13

14

            Defendants.

15

_____/

16

17

            On June 18, 2007, Plaintiffs Hana Hilsenrath and Oliver

18

Hilsenrath submitted a petition pursuant to California Civil Code

19

§ 1714.10 for an order allowing them to file a complaint against

20

Nixon Peabody LLP, a law firm located in San Francisco, and two of

21

its partners, Glenn Westreich and Beth Mitchell.  Plaintiffs also

22

submitted a copy of the complaint they seek to file.  The case was

23

assigned to Judge Henderson, who entered an order to show cause why

24

the case should not be dismissed for lack of subject matter

25

jurisdiction.  Plaintiffs filed a response on July 18, 2007 and the

26

case was reassigned to the undersigned on July 30, 2007.

27

            Having considered the order to show cause and Plaintiffs'

28

response, the Court now dismisses Plaintiffs' case for lack of

1  subject matter jurisdiction.  As explained in the order to show

2  cause, the Court lacks federal question jurisdiction pursuant to 28

3  U.S.C. § 1331 because both of Plaintiffs' claims arise under state

4  tort laws.  Further, Plaintiffs' response demonstrates that the

5  Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6  Section 1332 provides in relevant part,

7      The district courts shall have original jurisdiction of
       all civil actions where the matter in controversy
8      exceeds the sum or value of $ 75,000, exclusive of
       interest and costs, and is between--
9          (1) citizens of different States;
           (2) citizens of a State and citizens or subjects of a
10            foreign state.

11  28 U.S.C. § 1332(a).

12      Judge Henderson noted that both Plaintiffs as well as all

13  three Defendants appear to be citizens of California.  Plaintiffs

14  now argue that they are citizens and residents of Tel Aviv, Israel.

15  However, Plaintiffs also concede that they are "citizens of the

16  United States and lived in California between 1996 and 2001."

17  Plaintiffs' Response to Order to Show Cause at 2 n.1.

18      The Ninth Circuit has held that in determining citizenship for

19  purposes of diversity jurisdiction, "only the American nationality

20  of the dual citizen should be recognized."  Mutuelles Unies v.

21  Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir. 1992) (quoting Sadat

22  v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980)).  This precludes

23  Plaintiffs' argument that diversity is created under § 1332(a)(2).

24      Further, Plaintiffs cannot establish that diversity

25  jurisdiction exists pursuant to § 1332(a)(1), because that section

26  only provides jurisdiction over citizens of differing States within

27  the United States.  If, as Plaintiffs allege, they are domiciled in

28

2

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Israel, they are not citizens of any State in the United States.

2  "To show state citizenship for diversity purposes under federal

3  common law a party must (1) be a citizen of the United States, and

4  (2) be domiciled in the state."  Kantor v. Wellesley Galleries,

5  LDT, 704 F.2d 1088, 1090 (9th Cir. 1983).  Although Plaintiffs are

6  citizens of the United States, if they are domiciled in Israel,

7  they do not meet the second requirement that they be domiciled in a

8  State.

9       If Plaintiffs are domiciled in the United States, they appear

10  to reside in California.  They list a Danville, California address

11  on their pleadings.  Further, the Court notes that Oliver

12  Hilsenrath has recently been sentenced to twelve months of home

13  confinement at his Danville home in a separate criminal proceeding,

14  United States v. Hilsenrath, No. 03-213, and that he has alleged

15  that he is a resident of California in other civil pleadings.  See,

16  e.g., Complaint in Hilsenrath v. Equity Trust Ltd., No. 07-4162, at

17  ¶ 14 ("Plaintiff Oliver Hilsenrath is a scientist, both Israeli and

18  US citizen, and resident of California.").

19       For the foregoing reasons, the Court DISMISSES Plaintiffs'

20  case for lack of subject matter jurisdiction.  This dismissal is

21  without prejudice to refiling their case in state court.

22       IT IS SO ORDERED.

23          9/11/07

24  Dated: _____          _____

25                                          CLAUDIA WILKEN
                                            United States District Judge

26

27

28                                     3